IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,444






EX PARTE JEFFREY RYAN BUCKNER HILL, Applicant









ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NUMBER CR-2523-03-C(1) IN THE 139TH 


JUDICIAL DISTRICT COURT OF HIDALGO COUNTY






 Per curiam.



O P I N I O N




 This is a post-conviction application for a writ of habeas corpus filed pursuant to
Article 11.07, § 3, Tex.Code Crim.Proc. Applicant was convicted of murder and
punishment was assessed at confinement for sixty years. Appeal was dismissed because
notice was untimely. Buckner v. State, No. 13-04-00493-CR (Tex.App. - Corpus Christi,
delivered October 28, 2004, no pet.). 

 Applicant contends that he was denied his right to appeal. Counsel submitted an
affidavit admitting that he believed the notice of appeal was due September 1, 2004. In
fact, it was due July 22, 2004. The State and Applicant agree that Applicant expressed a
desire to appeal during his open plea proceeding. 

 The trial court entered findings of fact and conclusions of law in which it found
Applicant was not denied his right to appeal. We disagree. It is clear Applicant desired
to appeal, and his attorney failed to timely file a notice of appeal based upon an erroneous
conclusion of law concerning the deadline to file notice of appeal.

 Relief is granted. Applicant is entitled to an out-of-time appeal in cause number
CR-2523-03-C in the 139th Judicial District Court of Hidalgo County. This cause is
returned to that point in time at which Applicant may give written notice of appeal so that
he may then, with the aid of counsel, obtain an appeal. For purposes of the Texas Rules
of Appellate Procedure, all time limits shall be calculated as if the sentence had been
imposed on the date that the mandate of this Court issues. We hold that should Applicant
desire to prosecute an appeal, he must take affirmative steps to see that written notice of
appeal is given within thirty days after the mandate of this Court has issued. 

 All of Applicant's other claims are dismissed. Ex parte Torres, 943 


S.W.2d 469 (Tex. Crim. App. 1997).


DELIVERED: June 21, 2006

DO NOT PUBLISH